JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRANSFIELD ER CAPE LTD.

                  Plaintiff,     08 CV

-v-

                                    **VERIFIED COMPLAINT**

INDUSTRIAL CARRIERS INC. and
WEAVER INVESTMENT INC.

                  Defendants.
------------------------------------------------------------------x

      Plaintiff, TRANSFIELD ER CAPE (hereinafter "TRANSFIELD"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants, INDUSTRIAL CARRIERS INC. (hereinafter "ICI") and WEAVER INVESTMENT INC. (hereinafter "WEAVER"), alleges upon information and belief as follows:

## JURISDICTION

      1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

      2.     At all times material hereto, Plaintiff, TRANSFIELD, was and still is a foreign business entity with a principal place of business c/o Room 2538, Sun Hung Kai Centre, 30 Harbour Road, Wanchai, Hong Kong.

      3.     At all times material hereto, ICI was and still is a foreign business entity with a principal place of business at 1, Chernomorskaya str., Odessa, 65014, Ukraine.

      4.     At all times material hereto, Defendant, WEAVER, was and still is a foreign business entity.

## FACTS AND CLAIM

5.  TRANSFIELD entered into a charter party agreement with ICI, as charterers, for use of the vessel M/V C. LAUREL. This charter party agreement is a maritime contract.

6.  During the pendency of the charter party, ICI ordered bunkers costing USD 721,730.00, which were delivered to the M/V C. LAUREL on October 16, 2008. However, ICI failed honor its obligations to pay the suppliers of the bunkers.

7.  As a result of Defendant ICI's failure to pay for the bunkers, Plaintiff TRANSFIELD is being held liable by the head owners of the M/V C. LAUREL for the unpaid cost of the bunkers.

8.  In addition, on or about June 2, 2008, TRANSFIELD and ICI, as charterers, entered into a charter party agreement for use of the vessel M/V CAPE HERON.

9.  On or about September 23, 2008, TRANSFIELD and ICI entered into an agreement under which the parties agreed to cancel the charter party dated June 2, 2008 for the M/V CAPE HERON. Under the terms of the agreement, TRANSFIELD agreed to pay and did pay ICI USD 4,331,250.00, subject to the vessel's successful delivery from ICI to TRANSFIELD.

10. Despite TRANSFIELD's performance under the terms of the agreement, Defendant ICI failed to deliver the vessel, in breach of the agreement, giving rise to TRANSFIELD'S claim for reimbursement of USD 4,331,250.00.

11. As a result of Defendant ICI's breach of the parties' agreement concerning the M/V CAPE HERON and ICI's failure to fulfill its obligations in accordance with the

parties' agreement, TRANSFIELD has sustained damages in the amount of USD 4,331,250.00.

12. In summary, the amount undisputedly due and owing to Plaintiff by Defendant in connection with the two (2) above referenced transactions is USD 5,052,980.00 - (i.e. – USD 721,730.00 for the unpaid bunkers and USD 4,331,250.00 for breach of the wash-out agreement).

13. Despite repeated demands for payment, Defendant ICI has failed, neglected and/or refused to make payment of said sums due and owing to Plaintiff TRANSFIELD.

14. Pursuant to the terms of the aforementioned agreements, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law, including but not limited to Section 63 of the English Arbitration Act of 1996, provides that a prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount not less than US$500,000.00.

15. As best as can now be estimated, the Plaintiff TRANSFIELD expects to recover the following amounts from Defendant ICI:

| | | |
|---|---|---|
| A. | Principal claim: | *$ 5,052,980.00* |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | *$ 1,261,811.86* |
| C. | Estimated attorneys' fees: | *$ 500,000.00* |
| | **Total Claim** | **$ 6,814,791.86** |

3

16. Therefore, TRANSFIELD's total claim for breach of the maritime contract against Defendant ICI is in the aggregate USD 6,814,791.86.

17. At all material times, Defendant ICI nominated Defendant Weaver as a paying agent in connection with the two (2) above-mentioned transactions.

18. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant ICI and Defendant WEAVER that no separation exists between them and the corporate form of Defendant WEAVER has been disregarded such that Defendant ICI primarily transacted the business of Defendant WEAVER.

19. Upon information and belief, at all material times, Defendant ICI, operated in the name of Defendant WEAVER such that Defendant ICI was the beneficial owner of Defendant WEAVER.

20. Upon information and belief, WEAVER holds itself out as a subsidiary within the ICI network.

21. Upon information and belief, ICI and WEAVER are each one of several entities which is operated, controlled and managed as a single economic enterprise known as ICI.

22. Upon information and belief, among the entities which comprise the ICI network, including WEAVER, there is a commonality of control and management centered with ICI and an overlap of officers, directors and employees.

23. Upon information and belief, at all material times, Defendant ICI and Defendant WEAVER, have overlapping ownership, management, personnel and

4

purposes such that Defendant ICI and Defendant WEAVER do not operate at arms length.

24.     Upon information and belief, at all material times, Defendant ICI and Defendant WEAVER, have had common addresses and common contact information such that the Defendant ICI has no independent corporate identity from Defendant WEAVER.

25.     Upon information and belief, at all material times, there has been an intermingling of funds between Defendant ICI and Defendant WEAVER.

26.     Upon information and belief, at all material times, Defendant ICI has dominated, controlled and used Defendant WEAVER for its own purposes such that there is no meaningful difference between the entities.

27.     Upon information and belief, at all material times, Defendant ICI has disregarded the corporate form of Defendant WEAVER to the extent that Defendant ICI, was actually carrying on WEAVER's business and operations as if the same were its own, or vice versa.

28.     Upon information and belief, Defendant ICI utilizes the Defendant WEAVER, to transfer funds through, to and from the Southern District of New York on its behalf.

29.     Upon information and belief, there are reasonable grounds to conclude that the Defendant WEAVER is the alter-ego of Defendant ICI and, therefore, Plaintiff TRANSFIELD has a valid prima facie *in personam* claim against Defendant WEAVER based upon alter ego liability.

## BASIS FOR ATTACHMENT

30. Defendant WEAVER cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant WEAVER is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

31. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant WEAVER cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant WEAVER's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of USD 6,814,791.86 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
October 22, 2008

CHALOS & CO, P.C.
Attorneys for Plaintiff
TRANSFIELD ER CAPE LTD.

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (866) 702-4577
Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TRANSFIELD ER CAPE LTD.,

                                 Plaintiff,        08 CV

-v-

                                                         **VERIFICATION OF**
INDUSTRIAL CARRIERS INC. and             **COMPLAINT**
WEAVER INVESTMENT INC.

                                 Defendants.
----------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, TRANSFIELD ER CAPE LTD., herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
            October 22, 2008

                                                      CHALOS & CO, P.C.
                                                      Attorneys for Plaintiff
                                                      TRANSFIELD ER CAPE LTD.

                                    By: _____
                                               George M. Chalos (GC-8693)
                                               123 South Street
                                               Oyster Bay, New York 11771
                                               Tel: (516) 714-4300
                                               Fax: (866) 702-4577
                                               Email: gmc@chaloslaw.com