UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

SINOPE SHIPPING CO. LTD.,              :

              Plaintiff,     :     ORDER

        - against -                  :     08 Civ. 8999 (DC)

INDUSTRIAL CARRIERS INC. a/k/a ICI, :
WEAVER INVESTMENTS INC., SELENE
SHIPMANAGEMENT SA, AUSTER MARINE    :
CO. and DIAMANT CO. LTD.,
                               :
              Defendants.
                               :
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/09

CHIN, District Judge

       Plaintiff's motion for reconsideration is denied.  The alternative request for a stay of the order vacating the attachment order is denied, except that the order vacating the attachment order is stayed for ten days

       SO ORDERED.

Dated:   New York, New York
        January 9, 2009

                                      DENNY CHIN
                                      United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

SINOPE SHIPPING CO. LTD.,                :

                Plaintiff,      :       ORDER

      - against -                     :       08 Civ. 8999 (DC)

INDUSTRIAL CARRIERS INC. a/k/a ICI, :
WEAVER INVESTMENTS INC., SELENE
SHIPMANAGEMENT SA, AUSTER MARINE   :
CO. and DIAMANT CO. LTD.,
                                        :
                Defendants.
                                         :
- - - - - - - - - - - - - - - - - -x


CHIN, District Judge

       For the reasons stated on the record today, the claims against defendant Diamant Co. Ltd. are dismissed and the order of attachment entered in this case is vacated as to Diamant Co. Ltd.

       SO ORDERED.

Dated:    New York, New York
          December 9, 2008

                                            DENNY CHIN
                                            United States District Judge

8c9QsinC

```
                           8c9QsinC
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   SINOPE SHIPPING COMPANY, LTD.,
 4                Plaintiff,
 5        v.                                08 CV 8999 (DC)
 6   INDUSTRIAL CARRIERS, INC.
     a/k/a ICI, WEAVER INVESTMENTS,
 7   INC., SELENE SHIPMANAGEMENT
     SA, AUSTER MARINE CO., DIAMANT
 8   CO. LTD,
 9                Defendants.
10   ------------------------------x
                                            New York, N.Y.
11                                          December 9, 2008
                                            10:30 a.m.
12   Before:
13                    HON. DENNY CHIN,
14                                          District Judge
15                        APPEARANCES
16   LENNON, MURPHY & LENNON, LLC
17        Attorneys for Plaintiff
     DEVIN JOHN LENNON
18
     MAHONEY & KEANE, LLP
19        Attorneys for Defendants
     GARTH S. WOLFSON
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
     8c9QsinC
 1            (In open court)
 2            THE COURT: We are here on the defendant Diamant's
 3   Company's motion to vacate the attachment as to Diamant.
 4            I have recently issued memoranda decisions on the
 5   issue of whether registering with the Department of State, the
 6   New York Department of State, defeats the maritime attachment
 7   because the defendant would then be found within the state, and
 8   I have joined the district judges who have considered the
 9   issue. I believe that every district judge in this district
10   who has considered the issue has ruled that the defendant is
11   found in this district if it is registered with the New York
12   Department of State. The only contrary decision is Magistrate
13   Judge Gorenstein's decision in Erne Shipping, which the parties
                                  Page 1
```

```
                                  8c9QsinC
14       discuss in their papers; but for the reasoning set forth in the
15       numerous cases holding that a defendant is found within the
16       district if it is registered with the New York Department of
17       State in these prior decisions, I rule the same way.
18                So, I doubt that I would reverse myself in the context
19       of this case.  So I put that out there.  And then it seems to
20       me the issues that I would consider are what happens with
21       respect to Diamant as the alleged alterego of ICI, given that
22       ICI has registered.  So, I guess I'll hear from Mr. Wolfson
23       first since it's your motion.
24                MR. WOLFSON:  Thank you, your Honor.  Good morning.
25                THE COURT:  Good morning.
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

                                                                        3
```
                                  8c9QsinC
 1                MR. WOLFSON:  Simply put, there is really no possible
 2       outcome in this case that could result in the sustaining of the
 3       attachment.  If we are not the alterego, then there is no
 4       claim.  The claim is an alterego claim.  If we are an alterego,
 5       then the Second Circuit has ruled quite clearly that for
 6       jurisdictional purposes -- and I think the inquiry as to
 7       whether defendant is found in the district is a jurisdictional
 8       inquiry -- then if the contracting party is found in the
 9       district, then the alterego must be found in the district as
10       well.
11                There are several cases from the Second Circuit
12       squarely on point with this.  There have been one or two
13       district court judges faced with this decision and they have
14       also found that if you have an alterego claim and the
15       contracting party is found in the district, then the alterego
16       should be deemed found in the district as well, and there's no
17       possible way the attachment can be sustained.
18                I think what's clear is you can't pick and choose.
19       You can't say I'm an alterego for jurisdictional purposes but
20       not for purposes on the merits.  There have been a lot of
21       charges back and forth about either party wanting its cake and
22       eating it too and either party being selective.
23                I really don't think that is the case as far as
24       Diamant is concerned.  We are not trying to say we are an
25       alterego for some purposes and not for others.  We're saying
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

                                                                        4
```
                                  8c9QsinC
 1       take your pick.  We'll have it either way.  We can assume
 2       plaintiffs argument arguendo and the attachment must be vacated
 3       or we can assume it fails.
 4                THE COURT:  You are not conceding that you are an
 5       alterego, but if you are, then you are present.
 6                MR. WOLFSON:  Absolutely, your Honor.
 7                THE COURT:  And if you are not an alterego, then the
 8       plaintiff's theory fails because the plaintiff's theory is that
 9       you are an alterego.
10                MR. WOLFSON:  Yes, your Honor.
11                THE COURT:  OK.  I understand your position.
12                MR. WOLFSON:  I would say that the plaintiff is being
13       selective.  I mean, I do think this is a case where it's not
14       just moral equivalency of the situation.  There is a
15       difference.  The plaintiff is saying, well, let's not consider
16       them the alterego for jurisdictional purposes, but let's
17       consider them an alterego for determination on the merits.
18       That's precisely what the Second Circuit has repeatedly ruled
                                   Page 2
```

```
                              8c9QsinC
19      can't be done.  There's really no good reason presented as to
20      why that same rule of law should not apply in the context of
21      Rule B.
22              THE COURT:  Thank you.
23              MR. LENNON:  Good morning, your Honor.
24              THE COURT:  Good morning, Mr. Lennon.
25              MR. LENNON:  Kevin Lennon for the plaintiff Sinope.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

5

```
                              8c9QsinC
1       In the first instance, I do recognize, your Honor, you have
2       recently issued a couple of decisions on the registration
3       issue.  I think one was a Transfield case.  While we take issue
4       with that, we acknowledge your prior rulings, and that's
5       obviously how you would find for ICI.  Although in our papers
6       we do raise the point that even really akin to the alterego
7       theory itself, there's no valid reason we see why Sinope should
8       be prevented from challenging that registration.
9               We point out in our papers that ICI registered itself
10      in 2005.  There is no arguments here.  There's no evidence on
11      behalf of ICI.  There's no appearance by ICI.  They've declared
12      bankruptcy in the Greek courts, and there's absolutely no
13      evidence in any of the cases where ICI or --
14              THE COURT:  In other words, you're asking the Court to
15      void the registration?
16              MR. LENNON:  Exactly, your Honor.
17              THE COURT:  Is there a procedure for that under state
18      law, and wouldn't ICI have the right to be heard, I would
19      think.
20              MR. LENNON:  I would agree, your Honor.  Under the
21      business corporation law, the sections we cite in our brief,
22      the Attorney General is specifically invested with the power to
23      challenge a registration, but also there's a further statute
24      which provides for any formed corporation to raise any claim,
25      any special proceeding or any action against any company doing
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

6

```
                              8c9QsinC
1       business in the state or registered to do business.  That's all
2       arguably ICI has done.  In 2005 they registered to do business,
3       but our position would be they never actually did business.
4       They never intended to do business.  All they did was file the
5       registration in a defensive effort to thwart any Rule B
6       attachments.  So we think we are vested with that right.  We
7       think your Honor could certainly make that finding; he has
8       discretionary power to do that.
9               THE COURT:  Has any district judge done that in the
10      context of a maritime attachment?
11              MR. LENNON:  Not to my knowledge, your Honor.  I don't
12      believe the point has been raised in any prior briefings that
13      deal with the registration issue.  I point out and I believe in
14      the cases presented to your Honor, it was actual the defendant
15      saying I have registered here to do business; therefore, my
16      registration should be sufficient to defeat the Rule B.  Here,
17      clearly, Diamant as the alleged alterego is trying to piggyback
18      on to the ICI registration.  So, as we say in our papers, the
19      registration of ICI is of central import to the finding on this
20      application.  Diamant had not registered to do business when we
21      filed this attachment and your Honor granted the ex-parte
22      order.  So, that's part one.
23              Secondarily, kind of related to that, Diamant is
                                  Page 3
```

```
                              8c9QsinC
 24     obviously challenging that it's the alterego of ICI, and the
 25     evidence presented, such as it is, your Honor, with respect to
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

                                                                          7
```
                              8c9QsinC
  1     the ICI registration, which we actually pointed out in our
  2     initial papers, they lack any standing unless they're going to
  3     say: We are the alterego, we can raise these arguments on
  4     behalf of ICI. ICI has counsel in other cases. They've chosen
  5     not to make an appearance here, so we'd ask the Court disregard
  6     any arguments or evidence offered on behalf of ICI for its
  7     benefit.
  8              Thirdly, the cases cited by Sinope with regard to the
  9     jurisdictional issue are litigated entirely in context outside
 10     of Rule B. In every one of those cases, your Honor, as we set
 11     forth in our papers, the finding of alterego was made by the
 12     Court. So, they said you are the alterego, therefore we are
 13     going to sustain jurisdiction.
 14              Here, we have the polar opposite. We have, I'll
 15     assume arguendo I am the alterego; therefore, vacate the Rule
 16     B, but let me litigate the alterego. So, it's inconsistent
 17     with the prior cases finding for the plaintiff's benefit. Yes,
 18     we will find you to be the alterego, therefore, you're subject
 19     to the Court's jurisdiction because the primary defendant is
 20     subject to Court's personal jurisdiction. That is supportive
 21     of the alterego theory itself.
 22              Here again, it's the polar opposite, your Honor. We
 23     have something that's entirely anathema to the reason for why
 24     this action was filed and alterego theory liability exists in
 25     the first place.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

                                                                          8
```
                              8c9QsinC
  1              Lastly, and perhaps really most importantly, your
  2     Honor, the second prong of the being found test is that you're
  3     subject to being able to be served with process. Here, Diamant
  4     entirely glosses over that. What they want to have is the
  5     Court find, well, ICI is registered, they can be served with
  6     process, we are the alterego; therefore, if you serve process
  7     on the designated agent, that would be process on us.
  8              As pointed out in a companion action that's being
  9     litigated before Judge Holwell, he reserved decision on DMI
 10     being vacated from the case. Part of that was based on the
 11     fact that the plaintiff in that case showed we tried to make
 12     service on the designated agent. There's an affidavit
 13     submitted of Jerome Willis in that companion case, it's exhibit
 14     6 to our opposition memorandum of law, saying he went to serve
 15     an alterego at the designated agent, CT Corporation Systems,
 16     and said we can't serve process on them. They had no
 17     registration for that particular defendant. So it's, again,
 18     just glossing over that fact. That's a key component of the
 19     Second Circuit's finding in the Seawind Compania case that you
 20     not only have to be present for the jurisdictional purpose, you
 21     also have to be amenable to service of process. Here there is
 22     just no finding and there is no evidence that had Sinope
 23     chosen, let's say for sake of argument, to leave Industrial
 24     Carriers out of this case, out of the pleading, and simply
 25     named Diamant among the alteregos, they would have any ability
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

                                                                          9

8c9QsinC
8c9QsinC

```
 1   to serve process within the district. That's a necessary
 2   finding to vacate the Rule B attachment.
 3            THE COURT: All right. Thank you.
 4            MR. LENNON: Thank you, your Honor.
 5            MR. WOLFSON: Your Honor, just briefly as to the first
 6   point, it does seem we are just re-arguing Erne at this point.
 7   There was a decision by Judge Stein which was attached. It's
 8   the last order, Exhibit D to my declaration, discussing in
 9   particular ICI's alleged shortfalls in its registration. Judge
10   Stein addressed that quite thoroughly in rejecting the argument
11   of the plaintiff that that should somehow operate to render
12   them found in the district or not found in the district, I
13   should say, your Honor. Rather than belabor that, I would just
14   refer to your Honor to that.
15            Also, it's my understanding that those alleged
16   shortfalls have been remedied. So I really just don't think it
17   has any bearing whatsoever on whether they're found in the
18   district.
19            The question is whether they're amenable to suit
20   registering with the DOS regardless of any shortfall in their
21   biannual registration. They are amenable to suit here. They
22   are amenable to the personal jurisdiction of the court here.
23            As far as service, there is no obligation --
24            THE COURT: How do you respond to the argument that
25   this Court has the ability basically to void the registration
                   SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

10

8c9QsinC

```
 1   finding that it's a sham registration?
 2            MR. WOLFSON: I don't think, first of all, there has
 3   been a showing that it's been a sham registration at all.
 4   There are many corporations that if this is true do fall behind
 5   in their biannual registration. It doesn't mean they're a
 6   sham. The fact that it's a sham is really irrelevant to the
 7   inquire about whether they're found here for an ability to
 8   suit. They can be sued here. They've waived personal
 9   jurisdiction objections by filing with DOS. They've rendered
10   themselves amenable to service within the district by filing
11   with DOS.
12            I think it was probably best put by Judge Lynch -- I
13   forget which decision it was. I can give your Honor the
14   transcript if you'd like. The argument was, Judge, this is
15   arbitrary. They can register to do business with DOS, and now
16   they're found here, and it renders the whole process sort of
17   arbitrary as to when you can get an attachment and when you
18   can't. It has nothing to do with need.
19            Judge Lynch responded, yeah, it's arbitrary how you
20   can get a Rule B attachment. Why shouldn't it be just as
21   arbitrary how you get out of it? This is the standard that's
22   put in place both by the language of the statute as re-affirmed
23   by the Second Circuit on multiple occasions. This is the
24   standard. You can't be found here. By registering with DOS,
25   you are found here. Whether that was done to avoid Rule B
                   SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

11

8c9QsinC

```
 1   attachment, whether that was done on a whim, for whatever
 2   reason it may be, you're found here.
 3            THE COURT: OK. The second point is even assuming
 4   Diamant is the alterego of ICI, it can't be served through the
```

Page 5

```
                              8c9QsinC
 5        Secretary of State. The Secretary of State won't forward the
 6        papers to Diamant because Diamant is itself actually not
 7        registered.
 8                 MR. WOLFSON: Yes, your Honor. Frankly, I think
 9        that's nonsense, your Honor. I think that the statute, the BCL
10        is perfectly clear that by making service on the Department of
11        State, that shall be deemed good and sufficient service period,
12        whether or not your registration was ever was forwarded on to
13        Diamant or not, the service is still good. So that's a
14        complete red herring.
15                 THE COURT: I guess the service is good on ICI. If
16        it's good on ICI, then therefore it is good on Diamant?
17                 MR. WOLFSON: That's what I was getting to, your
18        Honor. We seem to be missing the point. The point is not
19        whether Diamant could be served in the district. The point is
20        whether ICI can be served in the district because the
21        determination is whether ICI is found here. To be found here
22        requires personal jurisdiction. We've done that by virtue of
23        the waiver. And it requires being able to be served.
24                 So, we keep missing the point and putting it back on
25        to Diamant and we're straying from the actual inquiry. It's
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```

                                                                        12
```
                              8c9QsinC
 1        becoming a little fallacious because you're missing the point.
 2        The point is -- not your Honor, but the plaintiff is missing
 3        the point. The point is whether ICI is found here. These are
 4        the two criteria to being found here. If ICI is found here,
 5        then Diamant is found here. That's what the Second Circuit has
 6        held. So to inquire as to whether Diamant could be served here
 7        is really completely beside the point. It's an irrelevant
 8        distinction. That's why the plaintiff is focusing on this
 9        because we have a relatively simple matter of law which really
10        should be determinative in this case, your Honor. It's not,
11        you know, a question of us picking and choosing. It's a
12        question of the plaintiff picking and choosing. There is just
13        simply no way your Honor could rule today that we're not an
14        alterego and we're found here, and then whatever the outcome
15        is, the attachment will ultimately have to be vacated. We're
16        either not an alterego or we are. In either case, the
17        attachment needs to be vacated.
18                 THE COURT: All right. Let's take a short break.
19                 MR. LENNON: Your Honor, could I be heard just for one
20        second?
21                 THE COURT: Go ahead.
22                 MR. LENNON: On the issue of Judge Stein's decision, I
23        respectfully point out what was litigated there and was raised
24        in our papers briefly is these technical defects: Failure to
25        set forth biannual statement, to pay taxes, to pay your
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```

                                                                        13
```
                              8c9QsinC
 1        registered agents so that they actually carry out the duties.
 2        What we're saying in our papers is, we should actually have the
 3        opportunity to strike out the registration as a sham. That's
 4        never been brought before any of the district judges that have
 5        made any decisions on this issue.
 6                 So, Judge Stein's decision, I don't believe that
 7        argument was presented to him, and I don't think he ruled on
 8        it. So I think that's completely beside the point.
 9                 Diamant is saying we waive any objections to personal
                                   Page 6
```

```
                                8c9QsinC
10      jurisdiction.  Any defendant could do that and defeat a Rule B.
11      The point is whether or not the registration is effective and
12      they can benefit from that registration.
13               Lastly, your Honor, just in keeping with really the
14      theme of our papers, Diamant wants to say, you know, you have
15      to find one way or the other.  This isn't fair.  If we're an
16      alterego, we can't be held liable, but if we can bootstrap, but
17      if we're not, we can't be held liable.  What we're saying is
18      consistent entirely with the alterego theory itself, your
19      Honor, where you pierce a corporate veil, which is not done
20      lightly, in order to achieve justice and prevent an inequitable
21      situation where a party is detrimentally affected by relying on
22      the corporate form.
23               That's exactly what we're trying to do here, your
24      Honor.  Your own decision we which cite in our papers, the
25      Rubler DDS v. Unum Provident Corporation, 2007 U.S. District
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

                                                                        14
```
                                8c9QsinC
 1      Lexus 7791, your Honor states quite clearly:  A party should
 2      not be able to benefit from disregard of its corporate form.
 3      Here, contrary to that, Diamant says, we're going to assume
 4      arguendo, disregard our corporate form, we are the alterego,
 5      vacate the Rule B attachment.  That would be benefiting them.
 6      Again, we submit that's entirely contrary to the equitable
 7      theory of alterego liability.  Thank you, your Honor.
 8               THE COURT:  Thank you.  I'm going to take a short
 9      break, and I'll come back out and rule.
10               (Recess)
11               THE COURT:  I'm going to grant the motion to vacate
12      the attachment for the following reasons:  First, as I have
13      previously held in other cases, I concur with the reasoning in
14      the decisions of the district judges who have held that a
15      defendant is found within the district if it is registered with
16      the New York Department of State.  There are numerous decisions
17      so holding, and I adopt the reasoning of those cases.
18               Therefore, ICI is found within the district because it
19      had registered.  To the extent that there were some technical
20      issues, Judge Stein addressed those in his decision that the
21      parties referred to.
22               Here, Sinope makes a new argument with an interesting
23      twist.  It argues, in essence, that it should have the ability
24      to seek to annul or revoke the registration.  I took a quick
25      recess to try and look in the business corporation law to see
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

                                                                        15
```
                                8c9QsinC
 1      what the procedures are, and as Sinope acknowledges in its
 2      memorandum, I think in the first instance, it's up to the
 3      Attorney General of the state to bring an action to annul or
 4      revoke.
 5               It may be that private entities such as the plaintiff
 6      may have standing to do it themselves as well, but I reject the
 7      argument here because it's not pled in the complaint.  There
 8      hasn't been any notice given to ICI that this is sought.  I
 9      don't know whether it can be done in the context of an
10      ancillary proceeding that sought a maritime attachment in this
11      court.  I haven't had time to fully look at the business
12      corporation law, but it's not pled, and I don't know whether
13      this Court even has the authority to revoke a company's
14      registration under the New York Business Corporations Law.  But
                                     Page 7
```

```
                    8c9QsinC
15   at a minimum, ICI would be entitled to notice thereof and an
16   opportunity to be heard.  ICI is a party in this case, but that
17   claim has not been asserted in the complaint.  So ultimately
18   the argument fails.
19            We then turn to the issue of Diamant's alleged status
20   as an alterego.  I don't think Diamant is trying to have it
21   both ways.  It correctly argues that if it is an alterego,
22   which is indeed the theory set forth in the complaint, then it
23   is also found in the district because ICI is found here; and if
24   Diamant is ICI's alter ego, then it is found here as well.
25   Therefore, the first prong of the two-part test for a Rule B
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

16

```
                    8c9QsinC
1    attachment is not met.  If Diamant is not an alterego, then the
2    claim asserted in the complaint fails.  That's the claim.  It
3    fails.  I agree that either Diamant is an alterego or it is
4    not.  It can't be that it is for one aspect and it is not for
5    another aspect.  I don't think we need a concession from
6    Diamant that it is an alterego and it's pleading in the
7    alternative.  If it is an alterego, it is not present.  If it
8    is not an alter ego, then the claim fails on the merits because
9    that is the theory of the complaint as to Diamant.
10            Now, Sinope makes the argument that there is no
11   ability to serve Diamant because the Secretary of State won't
12   forward the papers to Diamant.  Even assuming that's true,
13   first of all, the first prong is still not met.  The first
14   prong of the test still is not met, but I understood counsel
15   for Diamant to concede that service on the Secretary of State
16   would be proper service on Diamant if indeed Diamant is an
17   alterego.  And I think that's correct.
18            For all these reasons, I agree that the attachment
19   should be vacated as to Diamant, and I will issue an order to
20   that effect.
21            Now, what do we do with the case?  It seems to me the
22   case is brought solely for the provisional remedy of a maritime
23   attachment.  I've now concluded that ICI is found within the
24   district.  I've concluded that the claim as to Diamant fails.
25   I guess we have some other defendants.  The case remains as to
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

17

```
                    8c9QsinC
1    them for now?
2              MR. LENNON:  I would believe so, your Honor.
3              THE COURT:  All right.  And ICI has not appeared,
4    right, in the case?
5              MR. LENNON:  No, they have not, your Honor.
6              THE COURT:  OK.  I'll issue an order dismissing as to
7    Diamant for the reasons stated on the record and vacating the
8    attachment.  Anything else today?
9              MR. WOLFSON:  No, your Honor.
10             MR. LENNON:  No, your Honor.
11             THE COURT:  Thank you very much.
12             (Adjourned)
13
14
15
16
17
18
19
```

Page 8

8c9QsinC

20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300