UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRANSFIELD ER CAPE LTD.,

                                                Plaintiff,        08 CV 09064 (NRB)

-v-

INDUSTRIAL CARRIERS INC. and WEAVER        **DECLARATION OF**
INVESTMENTS INC.                                            **<u>GEORGE M. CHALOS</u>**

                                              Defendants.
------------------------------------------------------------------x

        I, **GEORGE M. CHALOS**, an attorney at law, affirm under penalty of perjury of the laws of the United States of America as follows:

        1. I am an attorney admitted to practice before this Honorable Court and am lead counsel for Plaintiff, TRANSFIELD ER CAPE LTD. (hereinafter "TRANSFIELD"). I am the principal of CHALOS & CO., P.C., and am a member in good standing of the bar of this Honorable Court.

        2. I submit this Declaration based on facts and information known to me personally, as well as documents and information provided to me by my clients and their representatives, all of which I believe to be true and accurate.

        3. Plaintiff commenced the instant action against Defendants Industrial Carriers Inc. (hereinafter "ICI") and WEAVER INVESTMENTS INC. (hereinafter "WEAVER")[1] on October 22, 2008, seeking the issuance of a Rule B attachment of Defendant

---

[1] At all material times during the two (2) transactions which formed the basis for Plaintiff's claim against its contracting party, ICI, Defendant ICI nominated Defendant WEAVER as its paying and receiving agent. Attached hereto as Exhibit "1" is a redacted copy of a letter from ICI, instructing TRANSFIELD to remit payments in connection with its charter party to Defendant WEAVER.

WEAVER's[2] assets in the sum of USD 6,814,791.86. A copy of Plaintiff's Verified Complaint is provided by WEAVER under cover of the Declaration of Garth S. Wolfson, Esq., Exhibit "A".

4. At the time TRANSFIELD filed its Verified Complaint, undersigned counsel for Plaintiff submitted a "Declaration that Defendant Cannot Be Found Within the District", confirming that WEAVER could not be "found" within the Southern District of New York. A copy of this Declaration is attached hereto as Exhibit "2".

5. On October 24, 2008, this Honorable Court issued an *ex parte* order for issuance of Process of Maritime Attachment and Garnishment ("PMAG") in the amount of USD 6,414,791.86. A copy of Your Honor's Order is attached hereto as Exhibit "3".

6. Pursuant to the PMAG which was served upon numerous garnishee banks within the district, one (1) restraint of electronic fund transfers was made at garnishee BNP Paribas in the amount of USD 425,503.49 belonging to Defendant WEAVER.

7. Attached hereto as Exhibit "4" is a copy of Judge Griesa's endorsed letter dated February 12, 2009 in *Allied Maritime Inc. v. Weaver Investment Inc.*, 08 CV 10090 (TPG) (S.D.N.Y. 2009).

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge.

---

[2] Although Plaintiff named ICI as a Defendant in its Verified Complaint, TRANSFIELD did not seek to obtain an Order of Attachment as against ICI, as ICI had registered with the Department of State and appointed a registered agent for service of process prior to the filing of Plaintiff's Verified Complaint.

Dated: Oyster Bay, New York
      March 18, 2009

                                                  **George M. Chalos, Esq.**