UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
TRANSFIELD ER CAPE LTD.,

          Plaintiff,

   - against -

INDUSTRIAL CARRIERS INC. and WEAVER
INVESTMENT INC.,

         Defendants.
--------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 4/17/09

**ORDER**

08 Civ. 9064 (NRB)

On October 23, 2008, pursuant to a verified complaint, plaintiff Transfield ER Cape Ltd. ("Transfield") procured a Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims ("Rule B") in the amount of $6,414,791.86 against defendants Industrial Carriers Inc. ("ICI") and Weaver Investment Inc. ("Weaver"). The verified complaint alleged, inter alia, that Weaver was at all material times the alter ego of ICI. Verified Complaint ¶¶ 18-27.

On November 19, 2008, garnishee BNP Paribas restrained funds belonging to Weaver in the amount of $425,503.49 in accordance with the Process of Maritime Attachment and Garnishment. On March 6, 2009, Weaver moved to vacate the

Process of Attachment arguing either (1) that vacatur is appropriate if Weaver is not the alter ego of ICI because Transfield would not have a valid prima facie maritime claim against Weaver, a requirement for Rule B attachment, see Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006); or (2) that vacatur is appropriate if Weaver is the alter ego of ICI because Weaver would have been "found within the district" at the time of filing under Rule B(1)(a) due to ICI's November 16, 2005 registration with the New York State Department of State, see STK Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd. et al., No. 08-6131-CV, 2009 WL 704722 (2d Cir. Mar. 19, 2009)(holding that such registration causes a party to be "found within the district" under Rule B(1)(a) and, therefore, not properly subject to Rule B attachment).

Because we find -- as multiple courts in this district have found[1] -- that if a party is "found within the district" under Rule B(1)(a) so too is its alter ego,[2] it is hereby ordered that

---

[1] Glory Wealth Shipping PTE Ltd. v. Indus. Carriers, Inc. et al., 590 F. Supp. 2d 562, 564 (S.D.N.Y. 2008); Sinope Shipping Co. Ltd. v. Indus. Carriers Inc. et al., No. 08 Civ. 8999 (DC) (S.D.N.Y. Dec. 9, 2008); see also Primera Maritime (Hellas) Ltd. v. Ind. Carriers, Inc. et al., No. 08 Civ. 8660 (PC) (S.D.N.Y. Nov. 7, 2008)(vacating the attachment after defendant consented to personal jurisdiction on the record).

[2] Under Seawind, a party is "found within the district" for the purposes of Rule B if it can both "be found within the district in terms of jurisdiction" and "found for service of process." Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963) (citations and quotations omitted). With regard to the first Seawind prong, the Second

all property restrained pursuant to the Process of Maritime Attachment and Garnishment dated October 23, 2008 be released and that the Process of Maritime Attachment and Garnishment is vacated as to all defendants.[3]


Dated:     New York, New York
           April 15, 2009


                                      NAOMI REICE BUCHWALD
                                      UNITED STATES DISTRICT JUDGE


     A copy of the foregoing Order has been mailed on this date to the following:

**Attorney for Plaintiff**
George M. Chalos, Esq.
Chalos & Co.
123 South Street
Oyster Bay, NY 11771

**Attorney for Defendant**
Garth S. Wolfson, Esq.
Mahoney & Keane, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005

---

Circuit has held that "[i]f personal jurisdiction exists over an individual, personal jurisdiction exists also over his or her corporate alter ego." S.E.C. v. Montle, 65 Fed.Appx. 749, 752 (2d Cir. 2003). With regard to the second Seawind prong, while there does not appear to be Second Circuit authority addressing whether, in the context of maritime attachments, a party's presence for service of process establishes the presence of its alter ego for service of process, we think the better view is that it does.

[3]     The Process of Attachment is vacated as to ICI because plaintiff has not attached any of ICI's property in the more than five months that the Process of Attachment has been in operation.